[Cite as *Daniels v. Daniels*, 2014-Ohio-83.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MICHELLE DANIELS | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J. |
| Defendant-Appellant | Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 13-CA-87 |
| RYAN DANIELS | |
| Plaintiff-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:        Reversed and Remanded


JUDGMENT:        Appeal from the Licking County Court of
Common Pleas, Domestic Relations
Division, Case No. 2011 DR 01180

DATE OF JUDGMENT ENTRY:        January 9, 2014

APPEARANCES:

For Defendant-Appellant        For Plaintiff-Appellee

HILLARD M. ABROMS        JOSEPH A. NIGH
753 South Front Street        Tyack, Blackmore, Liston
Columbus, Ohio 43206        & Nigh Co., LPA
536 S. High Street
Columbus, Ohio 43215

*Hoffman, P.J.*

{¶1} Defendant-appellant Michelle M. Daniels ("Wife") appeals the August 30, 2013 Judgment Entry entered by the Licking County Court of Common Pleas, Domestic Relations Division, which dismissed the entire case. Plaintif-appellee is Ryan N. Daniels ("Husband").

STATEMENT OF THE CASE

{¶2} Husband filed a complaint for divorce on August 23, 2011. Wife filed a counterclaim for divorce on November 29, 2011. Trial commenced on August 8, 2013. A second day of trial took place on August 16, 2013. Following a recess, a settlement agreement was reached and reduced to writing, but not executed by the parties. The trial court scheduled a hearing for August 30, 2013, for final completion of the agreement.

{¶3} The settlement agreement fell apart. Husband filed several motions prior to the August 30, 2013 hearing date, including a motion the trial court recuse itself, a motion for mistrial, and a motion to continue.

{¶4} On August 30, 2013, the trial court issued a judgment entry denying Husband's Motion for Recusal and ordered the entire case dismissed[1] "as the file appears to be several months past the Ohio Supreme Court guidelines at this time."

{¶5} Husband filed a motion seeking to reinstate the case on September 6, 2013. The trial court scheduled the motion for oral hearing to be held on September 23, 2013.[2] The trial court denied the motion on September 24, 2013.

---

[1] While the trial court orally advised the parties the case could be refiled by either one of them, the judgment entry does not state the dismissal is without prejudice. (Tr. Aug. 30, 2013 Hearing at p.17)

**{¶6}** On September 30, 2013, Wife filed her notice of appeal of the trial court's August 30, 2013 Judgment Entry. Wife assigns as error:

**{¶7}** "I. THE COURT ERRONEOUSLY DISMISSED THE COMPLAINT; PURSUANT TO OHIO RULES OF CIVIL PROCEDURE 41(B)(1) THAT THE COURT, CAN '…ON ITS OWN MOTION, AFTER NOTICE TO PLAINTIFF'S COUNSEL, DISMISS AN ACTION OR CLAIM'."

**{¶8}** This case comes to us on the accelerated calendar and is governed by App.R. 11.1, which states the following, in pertinent part:

**{¶9}** "**(E) Determination and judgment on appeal**

**{¶10}** "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

**{¶11}** The decision may be by judgment entry in which case it will not be published in any form."

**{¶12}** This case shall be decided in accordance with that rule.

**{¶13}** This Court finds the trial court's proffered reason for dismissal of the case unlawful. The Rules of Superintendence were designed to secure the prompt and efficient disposition of cases. To dismiss a case because the guideline for disposition has been exceeded and advising the parties it can be refiled – thereby beginning anew the start of the clock – does not serve that purpose, but rather thwarts it. Husband cites

---

[2] Appellant has not provided this Court with a transcript of that hearing.

no case law supporting the trial court decision nor does he argue the purported justification was proper.[3]

{¶14} Wife's assignment of error is sustained. The judgment of the trial court is reversed and the matter remanded to the trial court for further proceeding in accordance with the law.

By: Hoffman, P.J.

Farmer, J. and

Delaney, J. concur

---

[3] Husband's argument this appeal is moot because the case has been refiled is not demonstrated in the record before this Court. We also note Husband has miscalculated the date on which Wife's notice of appeal was due.